Battle, J.
 

 The only question presented is, whether the plaintiff’s agent, Killinger, was a competent witness, to prove liis case, without a release. The authorities on this subject are apparently conflicting, and it is difficult, if not impossible, to reconcile them. The general rule seems to be clear, that the
 
 true test of the interest
 
 of a witness is, that he will neither gain or lose by the direct legal operation and effect of the j udgment, or that the record will be legal evidence for or against
 
 *193
 
 him in some other action. It must be a present, certain and vested interest, and not one that is uncertain, remote or contingent ; and if the former, it matters not how small and minute the interest may be, for it is impossible to measure the influence which any given interest may exert. See 1 Greenl. on Ev. secs. 390, 391, and the cases there cited.
 

 In applying the principle of the general rule, Mr. Greenleaf says, in sec. 393, that “where the event of the suit, if it is adverse to the party adducing the witness, will render the latter
 
 liable
 
 either to a third person, or to the party himself, whether the liability arises from an express or implied legal obligation to indemnify, or from an express or implied coii-tract to pay money upon that contingency, the witness is in like manner incompetent.” The author admits, however, that the cases on this branch of the rule are somewhat at variance with each other. In discussing the subject, he says, in-section 391, “ Thus, in an action against the principle for damage, occasioned by the neglect or
 
 misconduct of his agent or
 
 servant, the latter is not a competent witness for the defendant, without a release; for he is in general, liable over to his master or employer, in a subsequent action to refund the amount of damages which the latter may have paid. And though the record will not be evidence against the agent, to establish the fact of misconduct,” &c., “yet it will always be admissible to show' the amount of damages recovered against his employer.” Again, in section 396, lie says, “It may seem, at the first view, that where the
 
 plaintiff calls his own servant
 
 or agent to prove an injury to his property, while in the care and custody of the servant, there could be no objection to the competency of the witness to prove misconduct in the defendant, because, whatever might be the result of the action, the record would be no evidence against him in a subsequent action by the plaintiff; but still the witness is held inadmissible, upon the general principle already mentioned, (in section 393,) in cases where the master or principal is defendant, namely, that a verdict for the master would place the servant or agent in a state of security against any action which other
 
 *194
 
 wise the master might bring against him; to prevent which he is directly interested, to fix the liability on the defendant.” This doctrine is illustrated by the case, among others, of
 
 Moorish
 
 v. Foote, 8 Taun. Rep. 454, (4 Eng. C. L. Rep. 164,) which was an action on the case against the defendant, who was the proprietor of a mail-coach, for negligence in driving the same against a wagon-horse belonging to the plaintiff, whereby the horse was killed. The plaintiff called his wagoner, and examined him without giving him a release, to prove the negligence of the defendant. The testimony was objected to, but admitted, and the plaintiff had a verdict, whereupon the defendant obtained a rule for setting aside the verdict, and having a nonsuit entered, the point having been reserved at the trial. The Court of Common Pleas made the rule absolute on the authority of the case of
 
 Protheroe
 
 v.
 
 Elton,
 
 decided by Lord Kenyon, and reported in Peake’s N. P Cas. 117. Gibbs, C. J., said : “ The principle is this, witnesses are incompetent where they are directly interested in the event of the suit. It is perfectly clear that the witness in the present case was interested in the event of the suit; for if the verdict were to stand, he would be placed in a state of security.” Bubeow, J., added, “A distinction has been taken between witnesses for a plaintiff and witnesses for a defendant; but it would introduce an extreme anomaly in the law if it made any difference in cases of this nature, whether a witness was called on one side or the other.” In a note to section 396, Mr. Greenleaf cites several other cases to the same effect, and, among them,
 
 Sherman
 
 v.
 
 Barnes
 
 1 M.
 
 &
 
 Rob. 69, in which he states, that the same point was so ruled by Tindal, C. J., upon the authority of
 
 Moorish
 
 v. Foote,
 
 “
 
 though he seems to have thought otherwise upon principle, and perhaps upon better reason.” The author closes his remarks as follows : “ The only difference betwreen the case where the master is plaintiff, and where he is defendant, is this — that in the latter case, he might claim off the servant both the damages and costs which he might be compelled to pay; but, in the former, he could claim only such damages as directly re-
 
 *195
 
 suited from the servant’s misconduct, of which the costs of an unfounded suit of his own would not constitute a part.”
 

 In the case before us, no person can help seeing that the witness had a direct interest in fixing upon the defendant a liability which would place him in a state of security against an action of his employer for his palpable misconduct. If the plaintiff can get his money from the defendant, he cannot recover it from the witness, but if he fail in his suit against the former he may sue the witness, and recover the whole from him. lie ought not, therefore, to have been examined until the plaintiff had executed to him a release. We may conclude by saying that if, upon strict principle, the witness was not incompetent, as some of the cases seem to suppose^ yet we would unwillingly oppose the current of authorities which excludes a witness where, from the pressure of the circunr-stances under which he would be examined, he would be so strongly tempted to commit perjury* See, in further support of this doctrine,
 
 Allen
 
 v.
 
 Lacy,
 
 Dudley’s (Ga.) Rep. 81 referred, in 5 U. S. Dig. page 963, sec. 83, in which it was decided, that where an agent lost money of his principal, at gaming, in an action by the principal against the winner to recover it, the agent was not a competent witness for the plaintiff, without a release from him.
 

 Pee Oueiam, The judgment must be reversed, and a
 
 mnvre de nom
 
 awarded.